## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

| | | |
|---|---|---|
| ANGELA READING, | Plaintiff, | HONORABLE KAREN M. WILLIAMS |
| v. | | Docket No. 1:23–CV–01469 (KMW–EAP) |
| NORTH HANOVER TOWNSHIP, *et al.* | Defendants. | **ORDER** |

### ORDER GRANTING CERTIFICATION
### UNDER FED. R. CIV. P. 54(b)

**THIS MATTER,** having been brought before the Court by Plaintiff Angela Reading on her Motion for Certification of Final Judgments pursuant to Federal Rule of Civil Procedure 54(b) (ECF No. 164) and for a stay of all proceedings pending appellate review, and the Court, noting no opposition thereto, and having considered the motion, and for good cause shown, the motion is hereby **GRANTED**; and

It is on this ___ day of April, 2026 hereby **ORDERED**:

1. The Court directs entry of final judgment, pursuant to Rule 54(b), in favor of Defendants Helen Payne, Laurie Doran, Christopher Schilling, Wes Adams, Robert Grimmett, Megan Hall, Nathaniel Lesher, Joseph Vazquez, and Mitchell Wisniewski and against Plaintiff as to all claims Plaintiff asserted against those Defendants ("Appealable Judgment") and enters such final Appealable Judgment for all the reasons set forth in the Court's January 13, 2026 Opinion and Order (ECF Nos. 157, 158).

2. The Court determines and certifies that there is no just reason for delay in accordance with Rule 54(b) given the number of parties and claims dismissed from the case and the other reasons set forth below.

3. The Court finds that the Appealable Judgment can be immediately appealed.

4. The Court enters this order under Rule 54(b) for the following reasons:

   a. Judicial administrative interests and the equities involved support Rule 54(b) certification. In particular:

   b. An immediate appeal would not contribute to an increase in piecemeal appeals in this case and would in fact reduce the danger of piecemeal litigation and appeals in the future.

   c. An immediate appeal would allow the Court of Appeals to decide now ready-for-appeal issues including whether qualified immunity applies and whether certain claims were sufficiently stated, which will involve plenary appellate review that should be conducted sooner rather than later so that all parties know as soon as possible where they, and the claims against them, stand;

   d. considerations of judicial economy and efficiency support granting Rule 54(b) certification to raise pure legal issues and seek plenary review of certain dismissals and to avoid the risk of duplicative trials and related proceedings; and

   e. all of the reasons set forth in Plaintiff's Motion and briefing support Rule 54(b) certification.

5. In furtherance of this Rule 54(b) certification, the Court stays all proceedings in this matter pending the outcome of appellate review.

Karen M. Williams U.S.D.J

2